[917 NYS2d 271]

In the Matter of E. PETER SHIN (Admitted as EUNGNAM PETER SHIN), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND, ELEVENTH, AND THIRTEENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, February 22, 2011

APPEARANCES OF COUNSEL

*Diana Maxfield Kearse*, Brooklyn (*Susan Korenberg* of counsel), for petitioner.

*Richard E. Grayson*, White Plains, for respondent.

### OPINION OF THE COURT

Per Curiam.

By stipulation and order of the United States Bankruptcy Court for the Eastern District of New York dated January 22, 2009, the respondent was suspended for a period of one year from engaging in the practice of law before the United States District Court, Eastern District of New York, and the United States Bankruptcy Court, Eastern District of New York. The stipulation and order resolved allegations made by a former client of the respondent, for whom the respondent had filed a bankruptcy petition. The respondent acknowledged that he had filed a certificate of credit counseling over the Internet stating that his client had completed a required credit counseling course before filing the bankruptcy petition, when, in fact, he had taken the credit counseling course on behalf of his client. The respondent was permitted to conclude certain specified bankruptcy matters currently pending. He was directed to expeditiously transfer all other bankruptcy matters to substitute counsel. At the end of the one-year period, the United States Trustee would not object to the respondent's reinstatement, provided that he satisfactorily complied with all terms of the stipulation and order, was in good standing before the New York State bar and the United States District Courts, and complied with all requirements under the applicable provisions of the law to resume his practice before the United States District Court within one year after entry of the stipulation and order. Prior to seeking reinstatement, the respondent was required to complete 12 hours of Continuing Legal Education (hereinafter CLE) in the area of bankruptcy and four hours in the area of ethics. In addition, the Bankruptcy Court imposed a fine in the sum of $40,000. After paying the fine and obtaining the required CLE credits, the respondent was reinstated to practice by order of the United States District Court, Eastern District of New York, dated March 8, 2010.

By notice pursuant to 22 NYCRR 691.3, dated May 8, 2009, the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts (hereinafter the Grievance Committee) apprised the respondent of his right to file a verified statement in which he could raise any of the defenses to the

imposition of reciprocal discipline as enumerated in 22 NYCRR 691.3 (c).

The respondent's counsel filed a verified statement dated June 25, 2009, in which he asserted all three of the defenses enumerated in 22 NYCRR 691.3 (c) and maintained that the matter should be referred back to the Grievance Committee for whatever action it deemed appropriate. In the alternative, the respondent demanded a hearing pursuant to 22 NYCRR 691.3 (d).

By decision and order on motion dated November 9, 2009, this Court held the Grievance Committee's application in abeyance pending a hearing upon the respondent's demand pursuant to 22 NYCRR 691.3 (d), and appointed the Honorable Jerome M. Becker as Special Referee to hear and report, together with his findings, with respect to the findings of the United States Bankruptcy Court, Eastern District of New York, and the respondent's defenses to the imposition of reciprocal discipline. Pursuant to that order, a hearing was conducted before Special Referee Becker on March 2, 2010.

The Special Referee submitted a report dated June 14, 2010, in which he emphasized the mitigating circumstances and expressed strong sympathy for the respondent but, nevertheless, found no evidence to support the defenses to the imposition of reciprocal discipline.

The Grievance Committee now moves to confirm the Special Referee's report rejecting the defenses and to impose reciprocal discipline upon the respondent as the Court deems appropriate under the circumstances. The respondent cross-moves to disaffirm in part and confirm in part the report of the Special Referee and to dismiss the proceeding or, in the event the Court affirms any of the findings, to refer the matter back to the Grievance Committee for whatever action it deems appropriate or, should the Court deem public discipline to be warranted, to limit any discipline imposed to a public censure.

By virtue of the respondent's admissions and his action in freely entering into the stipulation and order to resolve the trustee's investigation into his alleged misconduct, the Special Referee found no credible evidence to support the respondent's defenses to the imposition of reciprocal discipline upon him in New York. Despite his conclusion, the Special Referee expressed great compassion for the respondent.

In view of the poor judgment exercised by the respondent in not having his client present as required when his application

was processed over the Internet and his failure to sustain the defenses to the imposition of reciprocal discipline, the Grievance Committee's motion to confirm the Special Referee's report is granted and its application to impose reciprocal discipline is granted. The respondent's cross motion is granted to the extent that the respondent is publicly censured based on the discipline imposed by the United States Bankruptcy Court, Eastern District of New York.

PRUDENTI, P.J., MASTRO, RIVERA and SKELOS, JJ., concur.

Ordered that the petitioner's motion to confirm the Special Referee's report, and the petitioner's application to impose reciprocal discipline are granted; and it is further,

Ordered that the respondent's cross motion is granted to the extent that, pursuant to 22 NYCRR 691.3, the respondent is publicly censured for his professional misconduct, and the cross motion is otherwise denied.